**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TYRONE ROGERS**,<br><br>              Petitioner,<br>   vs.<br><br>**G.J. GIURBINO,**<br><br>              Respondent. | CASE NO. 06 CV 2549 H<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**PROCEDURAL HISTORY**

Tyrone Rogers filed a Petition for Writ of Habeas Corpus on November 14, 2006 challenging his prison sentence.[1] (Petition, at 11.) On January 13, 2004, a San Diego County Superior Court judge found Petitioner guilty on one count of rape by foreign object of an unconscious victim under California Penal Code §289(d) and one count of attempted rape of an unconscious person under Penal Code §261(a)(4), 664. (Lodgment 1, at 40; Lodgment 2, vol. 2, at 156.) Petitioner appealed his conviction, which the California Court of Appeal denied in part on September 12, 2005. (Lodgment 6.) Rogers argued the trial court erroneously denied his Faretta motion, the admission of evidence as to his prior convictions under California Evidence Code §1108 violated his due process and equal protection rights, the proof of prior convictions by the preponderance of evidence violated his due process right to proof

---

[1] The date filed is the date on which Petitioner signed the Petition, and delivered it to prison officers, under Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).

of guilt beyond reasonable doubt, the evidence in support of his prior convictions was insufficient, and his sentence of 25 years to life under the three strikes law was cruel and unusual. (Lodgment 6, at 2.) The Court of Appeal upheld the conviction and sentence except the imposition of one of two five-year enhancements under Penal Code §667(a). The court remanded with directions to amend. (Lodgment 6, at 36.) The California Supreme Court denied review on November 16, 2005. (Lodgment 7, Lodgment 8.)

Petitioner argues on habeas corpus that the trial court erroneously denied his Faretta motion, the admission of evidence as to his prior convictions under California Evidence Code §1108 violated his due process and equal protection rights, and the proof of prior offenses by the preponderance of evidence violated his due process right to proof of guilt beyond reasonable doubt. (Petition, at 6-8.) Respondent filed an answer to the Petition on February 6, 2007. (Document 5-2.) Petitioner filed a traverse on February 28, 2007. (Document 7.) The Magistrate Judge filed a Report and Recommendation to deny the Petition on April 19, 2007. (Document 1, at 15.) This Court adopts the Report and Recommendation and denies the Petition.

**FACTS**

**The 2003 Offenses[2]**

Rogers temporarily shared a townhouse in July 2003 with his former girlfriend, LouAnne Stewart. LouAnne slept in the master bedroom downstairs and Petitioner slept in a spare bedroom downstairs. Tom Nichols also lived in the townhouse and slept in the living room upstairs. Petitioner agreed to move out of the house by the end of July.

On July 14, LouAnne watched movies with Nichols. She consumed alcohol and at 11:30 P.M. she went downstairs to her bedroom to do paperwork. Around 11:45 P.M. Rogers entered LouAnne's bedroom and asked whether she wanted to watch a movie with him. She declined and he went to his bedroom.

---

[2] Facts summarized from California Court of Appeal opinion, Lodgment 6, at 2-4.

At 1:30 A.M. LouAnne put on her nightgown and took clonazepam, a prescription anti-anxiety pill. She fell asleep. At about 3:00 A.M., LouAnne awoke and found Petitioner lying on top of her. Her legs were spread apart, her nightgown was pushed up, and Petitioner was raping her. She shouted: "You're raping me. Ty, you're raping me." Rogers replied, "Shhh…Don't say anything." She tried to push him off her. When she threatened to call the police, Rogers got up and was naked. LouAnne tried to call 911 from her bedroom telephone but it did not work because Rogers had unplugged it. She tried to use her cellular phone but its battery was missing. As she left her bedroom to use the upstairs telephone, Rogers walked ahead of her. Nichols, who woke up to the sound of unusual noises, saw Rogers walk out of LouAnne's bedroom, naked. Nichols heard her scream that Rogers had raped her.

The police arrested Petitioner. He admitted he had digitally penetrated LouAnne and had unplugged her bedroom telephone to prevent her from calling the police. An information charged Rogers with one count of rape by a foreign object of an unconscious victim and one count of attempted rape of an unconscious person. It further alleged Petitioner had two prior serious felony convictions within the meaning of California Penal Code §667(a)(1) and the three strikes law, §667(b)-(i), 1170.2.

Rogers testified in his defense that his sexual activity with LouAnne was consensual. He admitted he digitally penetrated her. He also admitted his prior serious felony convictions. In rebuttal, LouAnne denied she consented to any sexual activity with Petitioner.

**The 1994 Offenses[3]**

A jury convicted Petitioner in 1994 on two counts of first degree burglary of a residence for sexual purposes under California Penal Code §459. (Lodgment 1, at 2-3; Lodgment 2, vol. 1, at 3; Lodgment 2, vol. 3, at 15; Lodgment 2, vol. 2, at 157.) At trial in 2004, Ruth S. testified that at 5 A.M. on August 6, 1994 she saw Petitioner kneeling beside her bed, touching her leg. She screamed and her boyfriend chased Rogers out

---

[3] Facts summarized from California Court of Appeal opinion, Lodgment 6, at 2-4.

of their apartment. Ruth later found a condom in her bedroom that did not belong to her or her boyfriend.

Donna K. testified at Petitioner's trial in 2004 that at 3:20 A.M. on August 13, 1994 she awoke to find Petitioner kneeling beside her bed. She asked Rogers what he was doing. He replied that he had been drinking and had accepted a dare. She told him to leave and led him to the front door. On leaving, Rogers told her: "Well, it's too bad that you weren't up for it." Donna replied: "Excuse me?" Rogers clarified: "For a little lovin'."

**Trial Motions**

At an *In Limine* hearing on January 9, 2004, counsel for Petitioner objected to the court receiving evidence of Petitioner's prior sex offenses that occurred in 1994. (Lodgment 2, vol.1, at 2-3.) Counsel objected on grounds the evidence was "highly prejudicial under Evidence Code 352" and would be "terribly inflammatory against [his] client." (Id.) He argued the two prior offenses were remote and dissimilar to the current allegation. (Id.) The judge accepted the evidence because he found it to be relevant under California Evidence Code §1108 and because the pattern of behavior in the prior offenses was similar to the conduct in question. (Id., at 3, 4-5.) Therefore, he found the evidence was not overly prejudicial. (Id., at 4.)

At a <u>Marsden</u> Hearing on January 12, 2004, Petitioner asked the trial judge to relieve counsel. <u>People v. Marsden</u>, 2 Cal.3d 118 (1970). (Lodgment 2, vol.3, at 8-20.) The court asked: "Why do you want [counsel] relieved?" (Id., at 11.) Petitioner responded: "I don't really want him—your honor, I actually wanted to, ah, —a continuance." (Id.) After further discussion on the admissibility of evidence that Petitioner wanted to introduce (Id., at 13), and before the judge had made any ruling or suggestion as to the status of counsel, Petitioner admitted: "…maybe I should talk to my counsel about it. I know you haven't dismissed him or anything. I – it's still – I still feel if I had a month, I would be comfortable. Or two weeks." (Id., at 14.)

When the court informed Petitioner that trial was to commence that day,

1 Petitioner asked: "So you're not dismissing my counsel." (Id., at 17.) The court
2 responded that there was no basis to do so. (Id.) Petitioner then asked: "What if I
3 decide to go pro per? You have to grant that." (Id.) The court agreed, and Petitioner
4 then stated that he wanted "to go pro per." (Id.) The judge responded that "[t]his is not
5 a stall contest, sir. You have given me no reason to relieve [counsel]…And if you say
6 you want to go pro per, you have the right to do that…But not—not to delay the trial
7 for that purpose." (Id.) Petitioner asked: "I mean, how do I go pro per if I don't
8 have…preliminaries in front of me?" (Id., 17-18.) The court declined to postpone trial
9 and determined Petitioner's <u>Faretta</u> motion was a stall tactic. (Id., at 20.) After a recess,
10 the court resolved Petitioner's request by inquiring, in light of the court's decision to
11 deny a continuance, whether Petitioner wanted to proceed pro per. "There was a
12 possible request by Mr. Rogers to represent himself. Anything else you want to say in
13 that regard, Mr. Rogers?" (Id., at 21.) Petitioner responded: "No, your Honor. I decline
14 on that." (Id.) The court found "there was no unequivocal intent to relieve counsel, just
15 a frustration over not being able to continue the matter…" (Id.)

16 Petitioner knowingly and voluntarily waived his right to a jury trial. (Lodgment
17 2, vol.2, at 27.) The judge found Petitioner guilty of rape by a foreign object of an
18 unconscious victim and attempted rape of an unconscious person. (Id., at 156.) The
19 judge sentenced Petitioner to an aggregate term of 35 years to life in state prison.
20 (Lodgment 2, vol. 4, at 9.)

21 **LEGAL STANDARD**
22 **Standard of Review on Habeas Corpus**
23 Congress enacted a statute in 1867 providing that federal courts "shall have
24 power to grant writs of habeas corpus in all cases where any person may be restrained
25 of his or her liberty in violation of the constitution, or of any treaty or law of the United
26 States. …" Act of February 5, 1867, ch. 28, §1, 14 Stat. 385; <u>Williams v. Taylor</u>, 529
27 U.S. 362, 374-375 (2000).
28 Congress modified the federal habeas statute in 1996 through passage of the

Antiterrorism and Effective Death Penalty Act (AEDPA). The Act placed new restrictions on the power of federal courts to grant writs of habeas corpus to state prisoners.

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established United States Supreme Court precedent if the state court arrives at a conclusion opposite to the Supreme Court's on a question of law or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent but arrives at an opposite result. Williams, 529 U.S. at 405. To make this finding, a habeas court must determine the state court's action to be "diametrically different," "opposite in character or nature," or "mutually opposed" to controlling precedent. Id.

A state court decision unreasonably applies Supreme Court precedent if the state court identifies the correct authority but unreasonably applies it to the facts of a habeas petitioner's case, or if a state court extends precedent to an inappropriate context or fails to extend it to a context where it should apply. Id., 407. The state court decision must be more than incorrect or erroneous. Rather, its application of clearly established law must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 65 (2003); Williams, 529 U.S. at 409, 410, 412.

On questions of fact, a habeas court's standard of review is even more

deferential. Indeed, a state court's finding of fact is presumptively correct. 28 U.S.C. § 2254(e)(1); Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004). Petitioner has the burden of rebutting this presumption by clear and convincing evidence. Id. Nonetheless, the presumption of correctness applies only to pure questions of historical fact. Id., 976. On the other hand, state decisions applying law to fact are mixed questions falling under §2254 (d)(1).

**Standard of Review of a Magistrate Judge's Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). The Court reviews de novo the Magistrate Judge's conclusions of law. Britt v. Simi Valley Unified School District, 708 F.2d 452, 454 (9th Cir. 1983), overruled on other grounds by United States v. Reyna-Tapia, 328 F.3d 1114, 1121-1122 (9th Cir. 2003).

**Exhaustion**

Habeas petitioners must exhaust remedies available in state courts for individual claims before petitioners seek a writ in federal court on those claims. 28 U.S.C. §2254 (b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518-519 (1982).

**Look Through Doctrine**

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). "[A] presumption which gives [unexplained orders] *no* effect-which simply 'looks through' them to the last reasoned decision-most nearly reflects the role they are ordinarily intended to play." Id., 804.

**ARGUMENTS**

**Right to Self-Representation**

Petitioner's first claim is that the trial court improperly denied his request to represent himself, in violation of his Sixth Amendment right to self-representation recognized in Faretta v. California, 422 U.S. 806 (1975). (Petition, at 6.) However, the

trial judge found "there was no unequivocal intent to relieve counsel." (Lodgment 2, vol.2, at 21.) Indeed, Petitioner withdrew his Faretta motion after the court determined that it was sought for purposes of delay at the start of trial and declined to grant a continuance. (Lodgment 2, vol. 3, at 17-18; Lodgment 2, vol. 2, at 21.)  In People v. Morgan, 101 Cal.App.3d 523, 527-528 (1980), the California Court of Appeal found that, where denial of a continuance amounts to a de facto denial of a Faretta motion, the reviewing court must reverse if the defendant can show that he was entitled to have the motion granted. The question on habeas review is whether the trial court had discretion to deny the motion because Petitioner offered it at the beginning of trial.

In Marshall v. Taylor, 395 F.3d 1058, 1060 (9th Cir. 2005) the Ninth Circuit determined the United States Supreme Court's ruling in Faretta incorporates a timing element. The Supreme Court mentioned that Faretta's request was "[w]ell before the date of trial" (Faretta, 422 U.S. at 807) and "weeks before trial" (Id., at 835). It held that "[i]n forcing Faretta, under these circumstances, to accept against his will a state-appointed public defender, the California courts deprived him of his constitutional right to conduct his own defense." Id., at 836. The Supreme Court thus incorporated the facts of Faretta into its holding, which may require a trial court to grant a Faretta request when made "weeks before trial." Marshall, 395 F.3d at 1061.

In the Ninth Circuit, a Faretta motion is untimely if made for the purpose of delaying the trial. U.S. v. Arlt, 41 F.3d 516 (9th Cir. 1994); United States v. Flewitt, 874 F.2d 669, 679 (9th Cir.1989). The record supports the trial judge's conclusion that Petitioner offered his motion as a delay tactic. Indeed, Petitioner admitted so. When the court asked why Petitioner wanted counsel relieved, Petitioner responded: "I don't really want him—your honor, I actually wanted to, ah, —a continuance." (Lodgment 2, vol. 3, at 11.)

State courts are free to determine when Faretta motions become untimely as long as their standards comport with the United States Supreme Court's holding that a request made "weeks before trial" is timely. Marshall, 395 F.3d at 1061; Faretta, 422

U.S. at 835. The California Supreme Court did so in People v. Windham, 19 Cal.3d 121 (1977), which held that when a defendant motions to represent himself at trial but does so after the trial has commenced, the court has discretion to grant or deny the request. Defendants must offer the motion within a "reasonable time prior to the commencement of trial." Id., at 127-128. The California Court of Appeal upheld the denial of Petitioner's Faretta motion on that basis. (Lodgment 6, at 12.) "…Rogers' motion for self-representation was untimely because it was not made 'within a reasonable time prior to the commencement of trial.' (People v. Windham, supra, 19 Cal.3d at p.128, fn. omitted.) Because his Faretta motion was made on the first (or possibly second) day of trial, it was untimely and the trial court then had discretion whether to grant or deny it." (Id.) In Petitioner's case, the California Court of Appeal did not misapply United States Supreme Court precedent in upholding the denial of his untimely Faretta motion.

**Due Process Challenge of Admission of Prior Offenses**

Petitioner argues the trial court improperly admitted unduly unfair evidence of his prior sex offenses in violation of due process. (Petition, at 7.) For this argument to prevail on habeas corpus, Petitioner must show the trial court strayed from clearly established federal law as defined in United States Supreme Court decisions. 28 U.S.C. § 2254(d)(1); Williams, 529 U.S. at 405, 407, 409. A state evidentiary rule "is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" Patterson v. New York, 432 U.S. 197, 201-202 (1977). The primary guide to establish fundamentality is historical practice. Montana v. Egelhoff, 518 U.S. 37, 44 (1996). Nonetheless, a long-standing principle does not necessarily reflect a fundamental constitutional principle. United States v. Enjady, 134 F.3d 1427, 1432 (10th Cir. 1998), cert. den. (1998).

Courts recognize a historical rule against the prosecution's introduction of propensity evidence because "its disallowance tends to prevent confusion of issues,

unfair surprise and undue prejudice." <u>Michelson v. United States</u>, 335 U.S. 469, 475-476 (1948). California Evidence Code §1101[4] applies this rule. Evidence Code §1108[5] provides an exception to it for sex offenses. However, §1108 incorporates Evidence Code §352[6], which gives trial courts discretion to bar unduly unfair evidence of prior sex offenses. The California Supreme Court upheld §1108 because of this discretion. <u>People v. Falsetta</u>, 21 Cal.4th 903 (1999). In <u>Estelle v. McGuire</u>, 502 U.S. 62, 75, fn. 5 (1991) the United States Supreme Court expressly left unanswered whether the admission of propensity evidence necessarily violates due process. Therefore, the question on habeas review is whether the California Supreme Court, in upholding §1108, followed clearly established federal law barring admission of propensity evidence that is unduly unfair. <u>Michelson</u>, 335 U.S. at 476. Petitioner must show that the rule against admitting propensity evidence in §1101 is a fundamental principle of justice that ensures a fair trial, and that the exception to that rule in §1108 violates due process.

The California Supreme Court properly applied United States Supreme Court precedent to uphold §1108 on the basis of protections afforded in §352. <u>Falsetta</u>, 21 Cal.4th at 903. Therefore, the trial court's reliance on these statutes to admit evidence of Petitioner's prior sex offenses was proper. In <u>Falsetta</u>, 21 Cal.4th 903 the California Supreme Court rejected a due process challenge to §1108, holding that the admission of a defendant's prior sex crimes for the purpose of showing a propensity to commit such crimes was constitutional. The <u>Falsetta</u> court found unclear whether "the rule against 'propensity' evidence *in sex offense cases* should be deemed a fundamental

---

[4] Section 1101(a) provides: "a) Except as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible   when offered to prove his or her conduct on a specified occasion."

[5] Section 1108(a) provides: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352."

[6] Section 352 prescribes a balancing test to determine, on a case by case basis, whether evidence of prior bad acts is unduly prejudicial given its probative value. "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

historical principle of justice." Id., 914, emphasis included. In any case, the court determined "even if [the rule against introduction of propensity evidence in sex offense cases] were deemed fundamental from a historical perspective, we would nonetheless uphold section 1108 if it did not unduly 'offend' those fundamental due process principles." Id, 915; Medina v. California, 505 U.S. 437, 444-446 (1992). The court concluded: "[I]n light of the substantial protections afforded to defendants in all cases to which section 1108 applies, we see no undue unfairness in its limited exception [in sex offense cases] to the historical rule against propensity evidence." Falsetta, 21 Cal.4th at 915. The cornerstone of this protection was the balancing test prescribed in §352, which gives trial courts power to exclude remote, misleading, or otherwise unfair evidence of prior criminal conduct. Id., 917. The court determined §352 protects against undue unfairness, which is what United States Supreme Court precedent requires. Michelson, 335 U.S. at 476.

In addition, the Falsetta court pointed out that §1108 mirrors Rule 413 of the Federal Rules of Evidence (28 U.S.C.) adopted in 1994, which federal courts have upheld against due process and equal protection challenges.[7] Falsetta, 21 Cal.4th at 920. While the rule does not expressly incorporate Rule 403[8], which is the equivalent of California's §352, federal circuit courts have upheld Rule 413 against constitutional attack because of the protections afforded defendants in Rule 403. United States v. Mound, 149 F.3d 799, 800-801 (8th Cir. 1998); Enjady, 134 F.3d at 1432; United States v. Guardia, 135 F.3d 1326, 1330-1331 (10th Cir. 1998).

The San Diego County Superior Court judge's admission of Petitioner's prior bad acts under §1108 and §352 was consistent with clearly established United States

---

[7] Subsection (a) of Rule 413 provides: "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."

[8] Rule 403 of the Federal Rules of Evidence provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Supreme Court precedent. Therefore, Petitioner's due process challenge fails. The judge balanced the probative value of the evidence against its prejudicial effect and concluded that evidence of Petitioner's prior criminal acts was not unduly prejudicial. (Lodgment 2, vol. 1, at 3-5.) As a result, the California Court of Appeal properly upheld its admission. (Lodgment 6, at 19.)

**Equal Protection Challenge of Admission of Prior Offenses**

The California Court of Appeal ruled in People v. Fitch, 55 Cal.App.4th 172, 184 (1997) that §1108 does not violate equal protection because the statute has a rational basis. Nonetheless, Petitioner contends the admission of his prior sex offenses deprived him of equal protection of law. His argument is that California Evidence Code §1108 is unconstitutional because it treats sex offenders differently from other offenders in allowing prior bad acts into evidence. (Petition, at 7.)

The Fourteenth Amendment's promise of equal protection of law must "coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." Romer v. Evans, 517 U.S. 620, 631 (1996); Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 271-272 (1979). If a law neither burdens a fundamental right nor targets a suspect class, a legislative classification withstands constitutional challenge so long as it bears a rational relation to a legitimate end. Romer, 517 U.S. at 631. An equal protection challenge to a statute that creates two categories of defendants, without implicating a constitutional right, is subject to a rational basis inquiry that asks whether the classification has any rational relation to its purposes. Estelle v. Dorrough, 420 U.S. 534, 537-538 (1975).

Sex offenders are not a suspect class. United States v. LeMay, 260 F.3d 1018, 1030-1031 (9th Cir. 2001). In addition, there is no United States Supreme Court precedent recognizing a fundamental right to have a trial free from relevant propensity evidence that is not unduly unfair. Id. California Evidence Code §352 provides safeguards to the admission of unduly unfair evidence. Therefore, §1108 does not

1 burden a fundamental right. The California Court of Appeal properly applied a rational
2 basis standard of review in Fitch, 55 Cal.App.4th at 184, to uphold §1108. The court
3 found that "the nature of sex offenses, both their seriousness and their secretive
4 commission which results in trials that are primarily credibility contests, justified the
5 admission of relevant evidence of a defendant's commission of other sex offenses. This
6 reasoning provides a rational basis for [§1108]." Id. Consequently, the Superior Court's
7 admission of Petitioner's prior bad acts into evidence under §1108 did not violate his
8 equal protection rights. The California Court of Appeal properly upheld the admission
9 of this evidence.  (Lodgment 6, at 19-20.)

**Improper Standard of Proof to Admit Prior Offenses**

Petitioner erroneously argues the trial court improperly used the preponderance of evidence standard of proof to establish his prior sex offenses. (Petition, at 8.)

Due process requires proof beyond a reasonable doubt of all elements of an offense. In re Winship, 397 U.S. 358, 364 (1970). The admission of propensity evidence for a trier of fact to evaluate requires sufficient evidence to support a finding by the trier of fact that the defendant committed the similar act. Enjady, 134 F.3d at 1433; Huddleston v. United States, 485 U.S. 681, 685 (1988). That is, a trial court must make a preliminary finding that a jury could reasonably find by a preponderance of evidence that the "other act" occurred. Enjady, 134 F.3d at 1433. The trier of fact must then find true, beyond reasonable doubt, all facts necessary to render a guilty verdict. Winship, 397 U.S. at 364.

The trial judge admitted Petitioner's 1994 offenses for presentation to the jury. (Lodgment 2, vol. 1, at 4-5.) Indeed, Petitioner admitted both were true. (Lodgment 2, vol. 2, at 147.) He waived his right to a jury trial. (Id., at 27.) The judge properly explained his reasoning on the record to justify the conviction. (Lodgment 2, vol. 2, 155-156.)

In sum, the record shows Petitioner's trial was constitutional and fair. The Court of Appeal found the judge applied the correct burden of proof and determined there

1  was sufficient evidence to convict Petitioner beyond a reasonable doubt. Clearly, the
2  record supports this finding. The judge did not rely on propensity evidence of prior sex
3  offenses to the exclusion of other evidence.[9] (Id., at 155.) For example, the judge
4  considered the victim's credibility and determined she was truthful. (Id.) There is no
5  indication the judge found Petitioner guilty by the preponderance of evidence. As the
6  Court of Appeal rightly concluded, "the trial court, even more than a jury, would be
7  cognizant of the requirement that a defendant's guilt of a charged offense be proved
8  beyond a reasonable doubt despite proof of prior sexual acts by only a preponderance
9  of the evidence. Therefore, we conclude the burden of proof of Rogers's guilt of the
10 charged offenses in this case was not lowered below the requisite standard of proof
11 beyond a reasonable doubt." (Lodgment 6, at 22-23.)

---

[9] The Court of Appeal noted the trial judge in Petitioner's case used California Jury Instruction Code Number 2.50.01 (Lodgment 6, at 21-22), which says: "if you find by a preponderance of the evidence that the defendant committed a prior sexual offense ..., that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crime." (CALJIC No. 2.50.01 (Jan. 2005 ed.).) Rather, the trier of fact must prove all elements of an offense beyond a reasonable doubt. To the extent Petitioner challenges CALJIC No. 2.50.01, the California Supreme Court held in People v. Reliford, 29 Cal.4th 1007, 1012 (2003) that CALJIC No. 2.50.01 did not lower the burden of proof because the instruction explicitly states that evidence of prior bad acts is insufficient to render a guilty verdict. Id., 1013. Jurors would reasonably understand this instruction. Id., 1014. Judges would, too. Adherence to CALJIC No. 2.50.01 in Petitioner's case did not lower the burden of proof to convict and was therefore constitutional.

**CONCLUSION**

For the above stated reasons, this Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES the Petition for Writ of Habeas Corpus.

IT IS SO ORDERED.

DATED: July 11, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO :
**Magistrate Judge Nita L. Stormes

Tyrone Rogers
Centinela State Prison
C1-145
P.O. Box 921
Imperial, CA 92251

Kyle Niki Shaffer
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101